UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERRELL MICKLES,

                Plaintiff,

-against-

PATRICE POWELL, FT. WALTON BEACH, FL, *et al.*,

                Defendants.

22-CV-4781 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, brings this action *pro se*. Plaintiff has not filed a request to proceed *in forma pauperis* ("IFP") and a prisoner authorization, or paid the fees to bring this action. Because Plaintiff has not paid the fees, the Court assumes that Plaintiff seeks leave to proceed IFP. Plaintiff is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See, e.g.*, *Mickles v. United States*, No. 1:21-CV-0463, 2021 WL 5630770 (S.D. Ala. Nov. 2, 2021), *report & recommendation adopted*, 2021 WL 5614770 (S.D. Ala. Nov. 30, 2021). That decision relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[1] Plaintiff sues, *inter alia*, "Patrice Powell, Ft. Walton Beach, FL," "Kayla Hall, Foley,

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

AL," "Brittan Hall, Silverhill, AL," and "Pam Childers, Etcetara, Clerk of Court/Audits, Pensacola, FL," and to the extent the Court can comprehend Plaintiff's allegations, they do not suggest that he faces imminent danger. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff IFP status and dismisses this action without prejudice under the PLRA's "three-strikes" rule. 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 8, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the appropriate fees. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may also bar any vexatious litigant (including a nonprisoner) from filing future civil actions (even if the fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).